The Honorable David W. Christel

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHRISPATRICK A. BUENO,<br><br>Defendant. | CASE NO.  MJ15-5221<br><br>COMPLAINT for VIOLATION<br>Title 18, United States Code, Sections 7 and 13, and RCW 9A.46.20 |

BEFORE the Honorable David W. Christel, United States Magistrate Judge, U.S. Courthouse, Tacoma, Washington.

## COUNT 1

### (Assimilated Felony Harassment)

On or about December 1, 2015, in the Olympic National Park, within the exclusive jurisdiction of the United States and within the Western District of Washington, CHRISPATRICK A. BUENO, without lawful authority, knowingly threatened to cause bodily harm immediately and in the future to S.B., to include threatening to kill S.B.

All in violation of Title 18, United States Code, Sections 7 and 13, and RCW 9A.46.20.

COMPLAINT/BUENO- 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

The undersigned complainant, Mark O'Neill, being duly sworn, states as follows:

## I. BACKGROUND

1. I am a Law Enforcement Ranger for the National Park Service and have been so employed for twenty-nine years. I currently serve as the East District Ranger in Olympic National Park. I successfully completed coursework and graduated from the Santa Rosa Seasonal Law Enforcement Academy in 1986 and the United States Border Patrol Academy at the Federal Law Enforcement Training Center at Glynco, Georgia, in 1987. Additionally, I have completed numerous law enforcement training courses involving hundreds of hours of classroom work and practical exercises for the National Park Service.

2. I make this Affidavit in support of a criminal complaint charging CHRISPATRICK A. BUENO with assimilated felony harassment in violation of Title 18, United States Code, Sections 7 and 13, and RCW 9A.46.20. I am presenting this Affidavit electronically pursuant to Local Criminal Rule 4.1. The facts set forth below are based on my personal knowledge, my training and experience, information provided to me by other law enforcement agents and witnesses, and evidence gathered during this investigation. I do not purport to list every fact known to me as a result of my investigation but only those I believe necessary to support a finding of probable cause that BUENO committed the offense charged in Count 1.

3. As detailed below, BUENO was involved in a domestic altercation with his wife, S.B., at the home on Lake Crescent the two shared during the evening of December 4, 2015. The argument escalated. And fearing for her safety, S.B. grabbed her personal firearm, barricaded herself in a bedroom, and called 911. After several hours, police safely extracted S.B. from the home. Thereafter, police successfully convinced BUENO to surrender peacefully, whereupon he was taken into custody. S.B. reports this incident came only days after BUENO threatened to shoot S.B. in the head. Based on my investigation to date, I believe there is probable cause to conclude that BUENO has

committed the offense of felony harassment under Washington law and thus the Assimilated Crimes Act contained in Title 18, United States Code, Section 13.

## II.   SUMMARY OF PROBABLE CAUSE

4.      On December 4, 2015, at approximately 7:47 p.m., National Park Ranger Friedman received a call from Clallam County Dispatch (PENCOM) regarding a 911 call reporting an ongoing domestic violence incident at 2364 Camp David Jr. Road, a home adjacent to Lake Crescent. This property is located within Olympic National Park here in the Western District of Washington and within the exclusive jurisdiction of the United States.

5.      Dispatch records show that the caller, later identified as S.B., reported having barricaded herself in an upstairs bedroom to prevent her husband from harming her. She also stated that she was armed in order to protect herself and that her husband had a loaded gun as well.

6.      Agents and officers with the National Park Service, Clallam County Sheriff's Office, U.S. Border Patrol, Elwha Police Department, and Washington State Highway Patrol responded. Shortly after midnight on December 5, S.B. was successfully and safely removed from the home. S.B.'s husband, CHRISPATRICK A. BUENO, refused to leave the home initially. However, a police negotiator was eventually able to convince BUENO to surrender peacefully, at which time he was taken into custody and booked into the Clallam County jail.

7.      On December 5, 2015, S.B. provided a recorded statement to Law Enforcement Rangers. According to S.B., she and BUENO have been married for fifteen years. She reported that although BUENO had not previously abused her physically, the two did have a history of volatile arguments, often exacerbated by BUENO's heavy consumption of alcohol. S.B. indicated that BUENO's drinking has escalated over the last few years and that it was a source of concern for her. S.B. further stated that BUENO had expressed suicidal ideations on a number of occasions, including the night of the 911 call.

8. S.B. stated that leading up to the December 4 incident, BUENO had consumed a significant quantity of beer and vodka. A search of the home conducted pursuant to S.B.'s consent revealed ten empty beer cans. S.B. stated that those cans were likely all from that same evening and that it was common for BUENO to drink one shot of vodka for every beer he consumed. Police also found a bottle of vodka in the kitchen of the home that was approximately two-thirds empty.

9. S.B. further explained that earlier in the evening, the two got into an argument while watching television. According to S.B., the argument escalated to the point that BUENO was chasing S.B. around the room. Before he could catch her, however, S.B., fearing for her safety, grabbed her personal firearm and barricaded herself in an upstairs bedroom. As noted above, she then called 911.

10. S.B. further stated that while she was locked in the bedroom, BUENO retrieved his own personal firearm, a revolver, and that she heard him fire it somewhere in the home. (S.B. made a similar report to the 911 dispatcher but reported hearing two shots.) S.B. stated during her interview that it was possible that what she thought was a second gunshot was actually some other sound. During the search described above, police found a single spent shell casing but did not find any bullet holes. It is believed that BUENO may have fired his revolver—which was located near the door of the home facing the lake when he surrendered—out that door into the water.

11. As noted above, S.B. reported a history of volatile arguments involving BUENO but no physical violence. She noted, however, that recent events reflected an escalation in BUENO's aggression toward her. Indeed, S.B. stated that this incident came on the heels a threat by BUENO to shoot her in the head. Specifically, S.B. stated that sometime around December 1, 2015, while the two were at their home, BUENO told her that he would put "lead in her head." The threat, combined with BUENO's subsequent behavior, caused S.B. to be afraid for her life and safety.

12. During the search referenced above, police seized the revolver identified as BUENO's. However, police did not seize either S.B.'s personal firearm or any of several other long-barreled firearms that were locked in gun safes within the home.

13. I know that Washington law criminalizes harassment under RCW 9A.46.20. More specifically, it is an offense under Washington law for a person, without lawful authority, to knowingly threaten another with bodily harm, whether threatened to occur immediately or in the future. *Id.* 9A.46.20(1)(a)(i). Further, if the threat of harm includes a threat to kill, the crime is punishable as a Class C felony. *Id.* 9A.46.20(2)(b)(ii).

COMPLAINT/BUENO- 5

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

### III. CONCLUSION

14. Based on the foregoing information, I respectfully submit that there is probable cause to believe that CHRISPATRICK A. BUENO committed the offense of assimilated felony harassment in violation of Title 18, United States Code, Sections 7 and 13, and RCW 9A.46.20 as charged in Count 1.

_____
MARK O'NEILL, Complainant
Law Enforcement Ranger
National Park Service

Based on the above-named Complainant having provided a sworn statement attesting to the truth of the foregoing Affidavit this 6th day of December, 2015, the Court hereby finds that there is probable cause to believe the Defendant committed the offense set forth in the Complaint.

Dated this <u>6th</u> day of December, 2015.

_____
DAVID W. CHRISTEL
United States Magistrate Judge

COMPLAINT/BUENO- 6

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970